tilla was beyond her path. Her own testimony shows that if she had done this she could have been brought to a stand-still, after seeing a vessel in her path 100 feet away, in season to prevent collision. The rule approved by the international marine conference, that "a steam-vessel hearing, apparently forward of her beam, the fog signal of a vessel, the position of which is not ascertained, shall, so far as the circumstances of the case admit, stop her engines, and then navigate with caution until danger of collision is over," merely formulates the duty which had previously been recognized by the courts as incumbent upon steam-vessels under such circumstances. Act Aug. 19, 1890, (26 St. pp. 320, 326, c. 802, art 16;) *The Kirby Hall,* 8 Prob. Div. 71; *The Dordogne,* 10 Prob. Div. 6; *The City of New York,* 35 Fed. Rep. 604. Holding, as we do, that the legal responsibility of the steam-boat is precisely the same, whether she did not hear signals which she ought to have heard and acted upon, or whether she heard them without acting on them, we think the collision is attributable solely to her own misconduct. If the tugs had been in violation of any statutory provision for preventing collisions, it would have to be presumed that the fault was a contributory cause of the disaster. As it is, it is merely a matter of conjecture whether any additional precautions would or would not have prevented the disaster. The decree of the court below is reversed, and the cause remanded, with directions to enter a decree against the steam-boat and her stipulators, for the libelant, for the full amount of his damages, with interest from the date of the report of the commissioner in the district court, and for his costs in the district court and in this court, and for the owner of the tugs for the costs in this court.

---

## PENNSYLVANIA R. CO. *et al. v.* DAILY'S ADM'X.

(*Circuit Court of Appeals, Second Circuit.* December 14, 1891.)

Appeal from the Circuit Court of the United States for the Southern District of New York.

In Equity. Libel *in personam* by the administratrix of Patrick Daily against the Pennsylvania Railroad Company as owner of the tugs Young America and John E. Berwind, and against the Norwich & New York Transportation Company as owner of the steamer City of New York, to recover for the death of her intestate, who was drowned in consequence of the collision, giving rise to the libel against these three vessels. 49 Fed. Rep. 956. By stipulation of the parties, decrees of like effect as in that case were entered in this, both in the district court, and upon this appeal. For former report, see 44 Fed. Rep. 693.

*Charles C. Burlingham,* for appellant Norwich & N. Y. Transp. Co.
*Henry Galbraith Ward,* for appellant Pennsylvania R. Co.
*Edwin D. McCarthy,* for appellee.